IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nicholas Kyle Martino,
   Appellant, *in pro per*

v.

United States of America,
   Appellee

Case. No. 24-1404
D.C. Case No 1:23-cv-16859-NLH

## APPELLANT'S BRIEF IN SUPPORT OF APPEAL

**I. Introduction**

    The Clerk entered a Notice on March 19th, 2024, that this Appeal must be submitted to the Panel for consideration under 28 U.S.C. §1915(e)(2)(B)(i) to determine if the Appeal is frivolous, or whether summary action under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 is appropriate. ECF 6. Appellant has been afforded 21 days to enter a Brief in support of his Appeal.

    This Appeal arises from a civil District Court case in which Appellant Petitioned for an Injunction against Appellee and moved for *replevin* of property seized in connection with an ongoing criminal investigation. Appellant petitioned for an Injunction seeking to enjoin the Government from reviewing electronic devices seized in connection with multiple search warrants unless it

1

established a filter protocol because the devices contain data protected by the work-product privilege. Appellant, in a brief, explained at length with supporting case law and legal abstracts that the work-product doctrine applies to *pro se* litigants. *See* D.C. ECF 7. Appellant also filed a Motion for Replevin seeking the return, or use, or copies of, the property seized by the Government pursuant to F.R.Cr.P. 41(g) and relevant case law. On Appeal, Appellant challenges the District Court's denial of the Petition for an Injunction as meritless and the denial of the Motion for Replevin as meritless, for various reasons such as abuse of discretion and error. Briefs have not yet been filed nor a briefing schedule issued and the arguments presented herein are not Appellant's complete arguments on appeal and are submitted for consideration of the §1915(e) question.

**II. Argument**

§1915(e)(2)(B)(i) allows the Panel to dismiss an appeal if it is found to be frivolous. The case-at-bar is not frivolous. Looking at the Docket for the District Court case, the District Court decided to exercise equitable jurisdiction afforded to it pursuant to Article III of the Constitution and 28 U.S.C. § 1331 to take jurisdiction over the Petition for an Injunction as well as the Motion for Replevin. The District Court actually moved the Motion for Replevin out of a related docket and into the District Court docket at-issue, and it had to exercise its inherent equitable jurisdiction to do so. *See Martino v. United States,* 1:23-

mc-00011-NLH-SAK (D.N.J. 2023) at ECF 13. Upon review of the written submissions to the Court, the District Court decided to hold an in-person oral argument on the Petition and Motion. *See* D.C. Docket at ECF 9. At no time did the District Court opine that the legal issues presented were frivolous or malicious.

Ultimately, the District Court denied the Petition for an Injunction as meritless simply because it was unable to locate a similar case requesting similar relief, and because it believes Appellant is attempting to use a legal process to interfere in a criminal investigation. The District Court did not decide the case on the merits or legal argument. The District Court also denied the Motion for Replevin based on the merits, arguing simply that the Government's need for the seized potential evidence continues, and did not address its authority pursuant to F.R.Cr.P 41(g) and established case law to return or enable the use of seized property even during a criminal investigation. The District Court actually appeared to be of the impression that it had no such authority, opining, "[h]owever, while a return of seized property may eventually occur, the government is entitled to keep the seized items for a reasonable period of time to conduct its investigation and evaluate its value as potential evidence. This is an Executive Branch function, and this Court's role, if any, in overseeing such investigations is severely curtailed." *See* D.C. ECF No. 17 at 121. The District Court did not acknowledge its common-law authority of issuing a writ of

*replevin* pursuant to F.R.Cr.P. 41(g). *See also* Notes of Committee on 2009 Amendment to Rule 41(g).

Summary action is not necessarily appropriate in this instance. While it may, on the face, be appropriate for the Petition for an Injunction (however Appellant argues that it is not), it is surely not appropriate for the Motion for Replevin because the Motion was not properly considered by the District Court; the District Court did not follow the procedures used by District Courts in similar cases such as *Peeples v. United States*, 2017 U.S. Dist. LEXIS 183667 (N.D.N.Y. 2017) and *In re: Madison*, 687 F. Supp. 2d. 103 (E.D.N.Y. 2009), nor did it consider the motion under the relevant Rule. At no point throughout the District Court's Memorandum Opinion did it address the crux of Appellant's legal arguments – such as a *pro se* litigant lawfully enjoying the work-product doctrine (which the District Court actually requested additional legal briefing on because it was unsure of the law) or the legal arguments in support of *replevin* and made in a similar manner as other litigants' Rule 41(g) motions; nor did it properly consider the Motion for Replevin under established case law procedures.

This Court has jurisdiction over this appeal.

## III. Conclusion

For the reasons described above, this Appeal is not frivolous or malicious and presents questions of law and reviewable decisions by the District Court.

Lawful, cognizable, and supported claims are found in the District Court record and the Panel will easily be able to discern such during its review of the Record and filings; the District Court did not opine that the claims presented were frivolous or malicious. The claim that a *pro se* litigant enjoys the protection of the work-product doctrine are actually an issue of first impression in this Circuit, but a cognizable claim nonetheless that has been addressed by other Courts, and former Rule 41(e), Rule 41(g), or common-law *replevin* motions are easily found in various Courts across the country, especially since the authority for such is a long-established Rule and legal doctrine.

Respectfully submitted,

<u>    /s/ Nicholas Martino</u>
Nicholas Martino,
*in pro per*
