

**U.S. Department of Justice**

*U.S. Attorney's Office, District of New Jersey*

*Appeals Division*

---

*Steven G. Sanders*  
*Assistant U.S. Attorney*

970 Broad Street, Suite 700  
Newark, NJ 07102

(973) 645-2846  
FAX (973) 645-2857

June 14, 2024

**BY ECF**

Patricia S. Dodszuweit, Clerk  
U.S. Court of Appeals, Third Circuit  
U.S. Courthouse  
601 Market Street, Room 21400  
Philadelphia, PA 19106-1790

Re: *Martino v. United States*, No. 24-1404

Dear Ms. Dodszuweit:

By letter dated June 5, 2024, your Office notified Appellant, Nicholas Martino, that his appeal may be jurisdictionally defective and/or subject to summary action and invited the parties to submit letters addressing that subject. Doc. No. 10-1. As set forth below, this Court has appellate jurisdiction to review the District Court's final order. This Court should summarily affirm on those issues that continue to present a live controversy and dismiss this appeal as to the moot issues.

BACKGROUND

In 2017, Martino pled guilty in the District Court for the Western District of Texas to four counts of Interstate Threats to Injure a Person, in violation of 18 U.S.C. § 875(c), and was sentenced to five years' probation. W.D. Tex. Crim. No. 17-454, ECF. No. 21 (Judgment). Martino's probation supervision was transferred to the District of New Jersey, where he resides. D.N.J. Crim. No. 17-240, ECF No. 1. Martino violated his probation conditions. So on November 26, 2019, the District Court (Hon. Noel L. Hillman, U.S.D.J.) revoked Martino's probation and sentenced him to 36 months' imprisonment and 2 years of supervised release with a condition prohibiting Martino from accessing the internet during his term of supervised release. *Id.*, ECF No. 66. This Court affirmed. *United States v. Martino*, 827 F. App'x 218 (3d Cir. 2020).

Martino did not comply with the conditions of supervised release. On April 17, 2023, therefore, Judge Hillman revoked Martino's term of supervised release and sentenced him to 366 days' imprisonment with no further term of supervised release. D.N.J. Crim. No. 17-240, ECF Nos. 119-20. Meanwhile, Martino is now the subject of a pending criminal investigation by federal law enforcement officials. "On August 22, 2022, federal agents executed, pursuant to … valid … warrants, a search of Plaintiff's home, another girlfriend's residence, his vehicle, and his person, seizing from him several laptops, a smartphone, and encrypted electronic storage devices, devices he was prohibited from possessing under the terms of his supervised release." *See* D.N.J. Civil No. 23-16859, ECF No. 17 at 4-5. In fact, agents had executed six search warrants pursuant to a single, master search warrant affidavit. *Id.*, ECF No. 10 at 2. In July and August 2023, FBI agents returned to Martino the lion's share of the items it had seized pursuant to the search warrants. *See* Redacted Reports annexed hereto.[1]

On September 5, 2023, Martino filed a petition asking the District Court to enjoin the Government's review of the materials it had seized and institute a court-ordered filter protocol. D.N.J. Civil. No. 23-16859, ECF No. 1. Martino also asked the Court to: (1) take judicial notice of pleadings in D.N.J. Misc. No. 23-11; (2) order replevin of materials that were of no value to the Government's ongoing investigation, which request was referred to Judge Hillman for resolution with the Government's consent; (3) seal Martino's sur-reply brief, apparently because Martino disclosed in that pleading matters pertaining to the ongoing grand jury investigation; and (4) hold an in-person hearing. *See* ECF No. 17 at 5-10; *see also* ECF Nos. 3-4.

The Government opposed these motions. It argued that there was no legal basis to compel the use of a judicially supervised filter protocol; Martino had not proved his privilege assertions; and "the Government's investigation has not led to a reasonable belief that the materials seized … contained privileged attorney-client communications." D.N.J. Civil No. 23-16859, ECF No. 10 at 3. The Government also opposed Martino's request for replevin:

> As of this filing, the Government is preparing to return approximately 51 of the 78 items seized during the execution of

---

[1] Although not submitted to the District Court, we ask this Court to expand the record on appeal to consider them, as they bear on the Article III "case or controversy" requirement. Fed. R. App. P. 10(e); *see In re Application of Adan*, 437 F.3d 381, 388 n.3 (3d Cir. 2006).

2

the search warrants that are not of evidentiary value in its pending investigation. The remaining items have evidentiary value to the Government's investigation or are still being reviewed by the Government. **This latter category includes electronic devices and storage media that are encrypted, which the Government is still trying to decrypt and access**.

*Id.*, ECF No. 11 at 3 (emphasis added).

In an opinion and order filed on February 29, 2024, Judge Hillman denied Martino's motions and directed the Clerk to mark the matter closed. *Id.*, ECF Nos. 17-18. First, Judge Hillman denied as moot Martino's request to take judicial notice of pleadings filed in Misc. No. 23-11, as he had already done so. ECF No. 17 at 6-7. Next, Judge Hillman denied Martino's request for return of property seized pursuant to the search warrant and to compel the use of a court-supervised filter protocol, accepting the Government's representation that its investigation was in progress and finding no legal support for Martino's demand that the court impose and supervise a filter procedure. *Id.* at 7-8. Judge Hillman also denied Martino's request to seal the sur-reply he had filed. *Id.* at 9-10. Finally, Judge Hillman denied Martino's request for an in-person hearing. *Id.* at 10.

Martino timely filed a *pro se* notice of appeal. ECF No. 19; *see* Fed. R. App. P. 4(a)(1)(B)(i). This Court then noted a possible jurisdictional defect and listed this case for possible summary action. Doc. No. 10-1.[2]

## ARGUMENT

I. **This Court Has Appellate Jurisdiction To Review The District Court's Denial Of Martino's Petition For An Injunction. But Summary Affirmance Is Appropriate.**

This Court questioned whether it has appellate jurisdiction over that aspect of Judge Hillman's order refusing to (a) enjoin the United States from reviewing of materials seized pursuant to search warrants and (b) impose a court-supervised filter protocol. Doc. No. 10-1 at 1. Having carefully considered the matter, the Government concludes this Court has appellate

---

[2] This Court has noted a similar defect in Martino's separate appeal from the Magistrate Judge's order refusing to unseal the search warrant affidavit. *See* 3d Cir. No. 24-1694, Doc. No. 8.

jurisdiction but that it should summary affirm as no substantial question is presented for appeal. 3d Cir. L.A.R. 27.4 (2011); *see* 3d Cir. I.O.P 10.6 (2023).

### A. This Court Has Appellate Jurisdiction.

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). This Court's appellate jurisdiction is normally limited to "final decisions of the district courts of the United States." 28 U.S.C. § 1291. "This final judgment rule requires that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits. In a criminal case the rule prohibits appellate review until conviction and imposition of sentence." *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (cleaned up).

To prevent criminal defendants from circumventing the final judgment rule, the Supreme Court has created a special rule for appellate review of pre-indictment orders denying a motion for return of property under Federal Rule of Criminal Procedure 41(g). "Only if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent." *DiBella v. United States*, 369 U.S. 121, 131-32 (1962). Put another way, "[t]he question of whether the motion is for the return of property or whether it also involves the suppression of evidence is to be resolved by examining the 'essential character' of the proceedings below." *United States v. Premises Known as 608 Taylor Ave., Apartment 302, Pittsburgh, Pa.*, 584 F.2d 1297, 1300 (3d Cir. 1978).

Recently, this Court applied *DiBella* to find it had no appellate jurisdiction to review an order denying a Rule 41(g) motion. *United States v. Nocito*, 64 F.4th 76 (3d Cir. 2023). In that case, shell companies controlled by an already-indicted defendant brought a Rule 41(g) motion seeking to have the District Court declare that a document critical to the Government's case was protected by the attorney-client privilege. As that Rule 41(g) motion was tantamount to a suppression motion, any appellate review of the District Court's order had to await entry of final judgment in Nocito's criminal case. *Id.* at 81; *accord In re Grand Jury*, 635 F.3d 101, 102 (3d Cir. 2011).

Unlike in *Nocito*, Martino's "petition for injunction" sought to have the District Court enjoin review of material seized pursuant to a search warrant pending imposition of a court-supervised filter protocol. Martino sought no remedy, such as suppression, with respect to any allegedly privileged

4

documents the Government had already reviewed or may in the future review. D.N.J. Civil No. 23-16859, ECF No. 1. No Third Circuit case addresses this question directly. But it has exercised appellate jurisdiction under the *Perlman* doctrine to address a criminal target's complaints about filter procedures to be used by the Government in reviewing emails held by a third party that were the subject of a search warrant. *In re Search of Elec. Commc'ns in the Acct. of chakafattah gmail.com at Internet Serv. Provider Google, Inc.*, 802 F.3d 516, 529-30 (3d Cir. 2015). As for the Rule 41(g) aspect of the challenged order, "the warrant has yet to be executed, and the Government has yet to seize the evidence Fattah seeks returned. Therefore, there is no property to return. As such, we lack appellate jurisdiction under this ground as well." *See id.* at 531.

Decisions from other Circuits suggest that appellate jurisdiction lies under § 1291 to review a final order in a civil action denying a privilege-holder's request for filter-team procedures. *See In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means*, 11 F.4th 1235, 1244 (11th Cir. 2021) (per curiam) (exercising appellate jurisdiction to review order in civil case imposing filter protocol on material seized under search warrant but containing fewer limitations than the movants sought; jurisdiction existed because movants were seeking to protect privacy interests that could not be vindicated on appeal from a final judgment in a criminal case, if one was ever brought); *see also In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 171 (4th Cir. 2019) (ordering injunction to prevent U.S. Attorney's Office for the District of Maryland from using an in-house filter team to review numerous privileged files seized from law firm where only one client of firm was target of the investigation and where firm had other clients who had pending criminal cases brought by same U.S. Attorney's Office).

In sum, this Court has appellate jurisdiction to review the District Court's final order refusing to exercise its equitable jurisdiction. If this Court affirms that refusal, Martino remains free to move to suppress evidence in any future criminal case the Government may commence, assuming he has legal grounds for such a motion. *See* Fed. R. Crim. P. 12(b)(3)(C).

**B.   This Court Should Summarily Affirm The District Court's Refusal to Enjoin The Government's Ongoing Review Of Material Seized Pursuant To Valid Search Warrants.**

On the merits, this Court should summarily affirm as no substantial question is presented for appeal. 3d Cir. L.A.R. 27.4 (2011).

To secure a preliminary injunction, a movant normally must show (1) he will likely succeed on the merits; (2) he will likely suffer irreparable injury; (3) the balance of equities favors him; and (4) the injunction serves the public interest. *See Kim v. Hanlon*, 99 F.4th 140, 154-55 (3d Cir. 2024). But only in "exceptional" circumstances should a district court exercise its civil equitable jurisdiction to constrain an ongoing criminal investigation. *Hunsucker v. Phinney*, 497 F.2d 29, 32 (5th Cir. 1974). That is consistent with the "familiar rule that courts of equity do not ordinarily restrain criminal prosecutions." *Douglas v. City of Jeanette*, 319 U.S. 157, 163 (1943); *see Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *see also Chaim v. United States*, 692 F. Supp. 2d 461, 470 (D.N.J. 2010) (surveying decisional law and identifying four factors a movant must satisfy). The refusal to exercise such equitable power is reviewed only for abuse of discretion. *See Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993); *see also Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023).

Appellate courts have refused to enjoin the Department of Justice's pre-indictment review of materials seized pursuant to a valid search warrant, despite claims that some of the items seized might be privileged. S*ee Lindell*, 82 F.4th at 619-20; *see also Trump v. United States*, 54 F.4th 689, 698 (11th Cir. 2022) (reversing grant of injunctive relief and remanding with directions to dismiss where movant could not show that the Government had acted in callous disregard of his constitutional rights in executing search warrants; "it cannot be that prosecutors reading unprivileged documents seized pursuant to a lawful warrant constitutes an irreparable injury for purposes of asserting equitable jurisdiction"); *cf. Harbor Healthcare Sys., L.P. v. United States*, 5 F.4th 593, 600 (5th Cir. 2021) (Harbor did "far more than assert vague allegations" by pointing to "thousands" of privileged documents that the government retained for four years).

Here, Martino claimed below that the FBI, in executing duly issued search warrants, seized from him some material protected by any of three potential privileges: attorney-client, work-product, or psychotherapist-patient. He therefore argued that judicial intervention was required *now*—before any charges have been leveled **and even before the storage devices have been decrypted**—to safeguard the privileges he claims attaches to the material in the Government's possession. D.N.J. Civil. No. 23-16859, ECF No. 1; *see id.*, ECF Nos. 7, 12, 14. Indeed, Martino devoted the majority of his argument to contending that, as a *pro se* litigant, he could assert the work-product privilege for his own communications—even if they were not made in anticipation of litigation. *See* D.N.J. Civil. No. 23-16859, ECF No. 7.

6

Judge Hillman did not abuse his discretion in declining to order the Government to use a filter team to review the entirety of the seized materials. First, as Judge Hillman found, filter team review is unnecessary where, as here, the search is directed at a non-lawyer and the Government does not reasonably expect the seized material to contain privileged information. *Id.*, ECF No. 17 at 8-9. Indeed, the Government represented that it had found no privileged information and reminded Judge Hillman that the Government would employ a filter team if it came across potentially privileged material during its review of the seized material. *Id.*, ECF No. 10 at 2-3. If that occurs, Martino will have the opportunity to engage with the filter team and raise whatever privilege assertions he wants, and any remaining disputes will be referred to a Judge for resolution. *See United States v. Scarfo*, 41 F.4th 136, 173-74 (3d Cir. 2022) (quoting *United States v. Avenatti*, 559 F. Supp. 3d 274, 282 (S.D.N.Y. 2021) ("the use of a filter team is a common procedure in this District and has been deemed adequate in numerous cases to protect attorney-client communications.") (cleaned up)). Put simply, there is no merit to the assertion that the Government *must* use a filter team to review search warrant returns just because the person from whom the material was sought conclusorily asserts that the seized material contains privileged information. *See United States v. Search of L. Off., Residence, & Storage Unit Alan Brown*, 341 F.3d 404, 414 (5th Cir. 2003) (reversing Rule 41(g) order where movant's "argument… has consisted of vague allegations that the government viewed extensive amounts of privileged information during the search of his law office and after the documents' seizure. Since Brown has failed to offer proof substantiating these assertions, they do not suffice to prove irreparable injury warranting the drastic relief granted by the district court").

Second, Judge Hillman correctly held that a filter team was unnecessary to the extent that the seized material contained material potentially protected by the psychotherapist-patient privilege—something he rightly doubted given the waivers Martino had signed in connection with his Probation supervision. D.N.J. Civil. No. 23-16859, ECF No. 17 at 9. The psychotherapist-patient privilege is a testimonial privilege: it bars introduction into evidence of privileged information but does not prevent law enforcement agents from reviewing such material in the course of their investigation. *See generally United States v. Wilson*, 505 F. Supp. 3d 3, 12 (D. Mass. 2020) (refusing to disqualify AUSAs or dismiss indictment where prosecutors reviewed emails protected by spousal privilege and marital communications privilege because such privileges are testimonial and only applicable in court proceedings). Thus, Judge Hillman's refusal to order the use of a filter team was proper for this additional reason.

## II. This Court Should Summarily Affirm In Part, And Dismiss As Moot In Part, Martino's Request For Replevin.

Below, Martino demanded return of all items seized pursuant to the search warrants and, short of that, items that have no evidentiary value to the Government's investigation. *See* D.N.J. Civil. No. 23-16859, ECF No. 2 at 4 (using Martino's pagination). Judge Hillman denied that request, accepting the Government's representation that Martino had encrypted his storage devices and that efforts to decrypt them were still in progress. *Id.*, ECF No. 17 at 7-8. The Government represents that those efforts continue.

This Court should summarily affirm as to the material still in the Government's possession. *See United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999); *see also* Fed. R. Crim. P. 41, Advisory Committee's Note to 2009 Amendment ("A substantial amount of time can be involved in the forensic imaging and review of information. This is due to the sheer size of the storage capacity of media, difficulties created by encryption and booby traps, and the workload of the computer labs."). But this Court should dismiss as moot insofar as Martino's appeal concerns the items that, as explained above, have already been returned to him. *See United States v. Snyder*, 304 F. App'x 971, 973 (3d Cir. 2008) (not precedential) (affirming denial of Rule 41(g) motion as moot where District Court determined that all property had been returned to the movant); *see also United States v. Morales-Velez*, 100 F.4th 334, 347 (1st Cir. 2024) (appeal of Rule 41(g) motion had been mooted by return of property to claimant after District Court's ruling).

## III. This Court Should Summarily Affirm Judge Hillman's Refusal To Hold An In-Person Hearing And Seal Martino's Sur-Reply.

In his opinion, Judge Hillman also denied Martino's request for an in-person hearing, ECF No. 17 at 2 & n.1, and rejected Martino's request to seal his sur-reply submission, *id.* at 9-10. Neither issue presents a substantial question for appeal.

First, as Judge Hillman noted, the parties had an in-person hearing, after which Judge Hillman determined, in his discretion, that the remaining legal issues could be resolved on the papers. *See* ECF No. 17 at 2 & n.1 (citing Fed. R. Civ. P. 78). That was not an abuse of discretion. *See Nwaohia v. Walmart Stores, Inc.*, No. 21-2504, 2022 WL 4461371, at *2 (3d Cir. Sept. 26, 2022) (not precedential) (per curiam) ("[T]he District Court has broad discretion to rule

without oral argument. We perceive no abuse of that discretion here.") (cleaned up).

Second, Martino sought to seal his sur-reply on the erroneous belief that it was governed by the rule regarding grand jury secrecy. *See* Fed. R. Crim. P. 6(e). But as Judge Hillman explained, ECF No. 17 at 9-10, Martino (as a target of an investigation) was free to disclose what he knew about any extant grand jury subpoena; only the Government, grand jurors, and the court reporter are forbidden from disclosing grand jury material protected by Rule 6(e), *see In re United States for an Ord. Pursuant to 28 U.S.C. § 1651(a) for Ord. Precluding Notice of Grand Jury Subpoena*, Misc. No. 17-1604 (BAH), 2017 WL 3278929, at *3 (D.D.C. July 7, 2017) ("Most courts … have read Rule 6(e)(2)(A) to set a default rule of permitting disclosure by witnesses absent a contrary order by the court in that proceeding[.]") (cleaned up). *See generally In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (right of access to filed court pleadings under First Amendment and common law places high burden on party to show why sealing is necessary).

For the foregoing reasons, this Court should summarily affirm Judge Hillman's order insofar as it refused to: (1) order the Government to employ a filter team; (2) order return of seized materials relevant to an ongoing criminal investigation; (3) hold an in-person hearing; and (4) seal Martino's sur-reply. And to the extent Martino's appeal is directed at already-returned materials, this Court should dismiss that aspect of his appeal as moot.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:  s/ STEVEN G. SANDERS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that I today caused the foregoing Letter to be **[1]** electronically filed with the Clerk of the United States Court of Appeals for the Third Circuit through the Court's CM/ECF system, and **[2]** served on Appellant by placing a true and accurate copy thereof in the U.S. Mail, postage prepaid, addressed as follows:

Nicholas K. Martino
1201 Turnersville Road
Pine Hill, NJ 08021

Executed On: June 14, 2024

s/ STEVEN G. SANDERS
Assistant U.S. Attorney

FD-597 (Rev. 4-13-2015)

Page 1 of 1

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property

Case ID: _____

On (date): July 7, 2023

item(s) listed below were:
- [ ] Collected/Seized
- [ ] Received From
- [ ] Returned To
- [x] Released To

(Name): Alexis Cross / Nick Martino

(Street Address): [redacted]

(City): [redacted]

Description of Item(s): (1B5) Black Toshiba laptop S/N ZE036060R, (1B8) Black HP 266 65 laptop, (1B9) XBOX 360 S/N 533157614105, (1B10) XBox One S/N 073478794368, (1B12) Thinkpad S/N M9CVNH5X, (1B14) Amazon Alexa Model C78MP4, (1B15) GL inet travel router, (1B22) GL inet AR1800 wifi router, (1B26) micro SD adapter, (1B33) T-mobile SIM, (1B35) Silver smart watch w/black face, (1B37) misc SIM + debit cards, (1B40) mail in name of Nicholas Martino, (1B41) GL inet 4G LTE router, (1B42) Samsung galaxy watch, (1B45) ELM 327 wifi interface, (1B46) Garmin GPS, (1B53) CD's (1B58) misc. papers, (1B61) Facebook sim card, (1B64) SD card, (1B65) lexar 16 GB thumb drive, (1B74) misc. documents, (1B75) CD's, (1B76) vehicle light bar and controller, (1B77) vehicle light bar and two window cages, (1B78) others, (1B6) Dell PP11L laptop, (1B7) Black asus F441B laptop, (1B11) AVC laptop S/N KZBBZND107422 w/cooling station, (1B16) micro SD card w/adapter + reader, (1B17) Revolution External SSD S/N AVU2004000825, (1B23) Purple Samsung Galaxy S7 in sunflower case, (1B24) white galaxy S10 in black/gold, (1B25) Android phone in blue case, (1B27) purple Amazon tablet in black case, (1B28) ziplock bag w/SD cards + USB drive, (1B29) ziplock bag w/recorder, SD cards, (1B30) sprint sim card ending in XB037, (1B34) black LG cellphone, (1B44) sabre pepper spray, (1B49) pepper spray, (1B69) silver verizon HTC phone, (1B70) silver iphone, (1B68) black Samsung galaxy S7, (1B66) gold Samsung galaxy S7, (1B65) black motorola

Received By: _____ (Signature)

Printed Name/Title: Nicholas Martino

Received From: _____ (Signature)

Printed Name/Title: Joseph Dowhue /SA

FD-1057 (Rev. 5-8-10)

UNCLASSIFIED//FOUO 

# FEDERAL BUREAU OF INVESTIGATION
### Electronic Communication

**Title:** (U) Property Return        **Date:** 07/12/2023

**From:** PHILADELPHIA
        PH-CT4
        **Contact:** JOSEPH DONAHUE, ▇▇▇▇▇▇

**Approved By:** A/SSA FINNEGAN JAMES F

**Drafted By:** JOSEPH DONAHUE

**Case ID #:** ▇▇▇▇▇▇▇▇



**Synopsis:** (U) To document return of property to Nicholas Martino

**Enclosure(s):** Enclosed are the following items:
1. (U) FD-597 and AUSA Letter

**Details:**

On July 7, 2023, the following evidence items were returned to Nicholas Martino at the FBI Offices at 600 Arch Street, Philadelphia, PA. Item 1B28 was not returned at that time as a more thorough search of the ECR was required, however since that date the item was located and will be returned at a later date.

1B5, 1B8, 1B9, 1B10, 1B12, 1B14, 1B15, 1B22, 1B26, **1B33\***, 1B35, 1B37, 1B40, 1B41, 1B42, 1B45, 1B46, 1B53, 1B58, 1B61, 1B64, 1B65, 1B74, 1B75, 1B76, 1B77, 1B79.

**UNCLASSIFIED//FOUO**

Title:  (U) Property Return
Re:  █████████████, 07/12/2023

[NOTE: 1B33 was a collection of items, where the T-Mobile SIM card was returned, however all other items in that 1B were retained and an evidence split is requested for this item.]

1B6, 1B7, 1B11, 1B16, 1B17, 1B23, 1B24, 1B25, 1B27, 1B29, 1B30, 1B34, 1B39, 1B44, 1B47

The evidence log shall reflect the permanent disposal of those items by return to MARTINO.  An FD-597 documenting the return is attached in a digital 1A along with an annotated letter from the United States Attorneys Office authorizing the return of those items.

♦♦

FD-597 (Rev. 4-13-2015) Page 1 of 1

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property

Case ID: _____

On (date) August 4, 2023

item(s) listed below were:
- ☐ Collected/Seized
- ☐ Received From
- ☒ Returned To
- ☐ Released To

(Name) Sam Martino

(Street Address) [REDACTED]

(City) _____

Description of Item(s): (1856) 1 TB HD S/N Z4YFAHWG, (1854) USB DRIVE, (1855) Black alcatel one touch phone, (1857) Black iphone XS Max S/N FFWXLZ16KPHC, (1880) Black Chromebook S/N LA04FHKO, (1866) Blue iphone 12, S/N DN2DBD 8DX6

Received By: _[signature]_
(Signature)
Printed Name/Title: Samuel Martino

Received From: _[signature]_
(Signature)
Printed Name/Title: Joseph Donnelly /SA

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property

Case ID: _____

On (date) August 16, 2023

item (s) listed below were:
☐ Collected/Seized
☐ Received From
☒ Returned To
☐ Released To

(Name) NICKOLAS MARTINO

(Street Address) ███████████████

(City) ███████████████

Description of Item (s): SD card and thumb drive / SD Card reader

[handwritten: nothing below]

Received By: _____(Signature)_____
Printed Name/Title: N. Martino

Received From: _____(Signature)_____
Printed Name/Title: Joseph Donohue / Special Agent

FD-1057 (Rev. 5-8-10)                    UNCLASSIFIED//FOUO



# FEDERAL BUREAU OF INVESTIGATION
### Electronic Communication

**Title:** (U) Property Return                                   **Date:** 08/17/2023

**CC:** ANDREWS VINCENT P

**From:** PHILADELPHIA
         PH-CT4
         **Contact:** JOSEPH DONAHUE, ███████

**Approved By:** SSA Fred T Crawford IV

**Drafted By:** JOSEPH DONAHUE

**Case ID #:** ███████████



**Synopsis:** (U) To document property return

**Enclosure(s):** Enclosed are the following items:
1. (U) FD-597 Property Returns

**Details:**

On August 4, 2023, the following items were returned to SAMUEL MARTINO at ████████████████████████████████████████:

1B50 - 1 TB Hard drive
1B54 - USB drive
1B55 - black Alcatel One Touch Phone
1B66 - blue iPhone 12
1B67 - black iPhone XS max

UNCLASSIFIED//FOUO

**UNCLASSIFIED//FOUO**

Title:  (U) Property Return  
Re:  ███████████████, 08/17/2023

1B80 - black Chrome book

On August 16, 2023, the following item was returned to NICHOLAS MARTINO at ███████████████████████████████████████:

1B28 - ziplock bag with SD card and USB Drive/SD Card reader

The above items were returned with concurrence from AUSA Andy Johns and their return shall permanently discharge them from evidence.  It is requested that those items be shown as permanently discharged from evidence.

◆◆

**UNCLASSIFIED//FOUO**

FD-597 (Rev. 4-13-2015)
Page 1 of 1

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
## Receipt for Property

Case ID: _____

On (date) July 7, 2023   item(s) listed below were:
- [ ] Collected/Seized
- [ ] Received From
- [ ] Returned To
- [x] Released To

(Name) Alexis Cross / Nick Martino

(Street Address) [REDACTED]

(City) [REDACTED]

Description of Item(s): (1B5) Black Toshiba laptop s/n ZE036060R, (1B8) Black HP 266 G3 laptop, (1B9) XBOX 360 s/n 53315761410S, (1B10) Xbox One s/n 0734789968, (1B12) Thinkpad s/n M9CVNU5X, (1B14) Amazon Alexa Model C78MPA, (1B15) GL inet travel router, (1B22) GL inet AR1800 wifi router, (1B26) micro SD adapter, (1B33) T-mobile sim, (1B35) silver smart watch w/black face, (1B37) misc sim + debit cards, (1B40) mail in name of Nicholas Martino, (1B41) GL inet 46 LTE ext, (1B42) samsung galaxy watch, (1B45) ELM 327 wifi interface, (1B46) Garmin GPS, (1B53) CD's, (1B58) misc. papers, (1B61) facebook sim card, (1B64) SD card (1B65) eraser 16 GB thumb drive, (1B74) misc. documents, (1B75) CD's, (1B76) vehicle light bar and controller, (1B77) vehicle light bar and two window cages, (1B79) (other), (1B6) Dell PP11L laptop, (1B7) black asus F441B laptop, (1B11) ALC laptop s/n KZBB2N0107422 w/cooling station, (1B16) micro SD card w/adapter + reader, (1B17) revolution external SD s/n AVU200900CC825, (1B23) purple samsung galaxy 57 in sunflower case, (1B29) white galaxy 510 in black/gold, (1B25) android phone in blue case, (1B27) purple amazon tablet in black case, (1B28) ziplock bag w/SD cards + USB drive, (1B29) ziplock bag of recorder, SD cards, (1B30) sprint sim card ending in XE087, (1B34) black LG cellphone, (1B44) sabre pepper spray, (1B47) pepper spray, (1B67) silver verizon HTC phone, (1B70) silver iphone, (1B68) black samsung galaxy 57, (1B61) gold samsung galaxy 57, (1B65) black motorola

Received By: _[signature]_   Received From: _[signature]_
(Signature) (Signature)

Printed Name/Title: Nicholas Martino   Printed Name/Title: Joseph Donohue/SA

FD-1057 (Rev. 5-8-10)

UNCLASSIFIED//FOUO



# FEDERAL BUREAU OF INVESTIGATION
### Electronic Communication

**Title:** (U) Property Return        **Date:** 08/30/2023

**From:** PHILADELPHIA
        PH-CT4
      **Contact:** JOSEPH DONAHUE, ▉▉▉▉▉▉▉

**Approved By:** SSA Brian M. Julian

**Drafted By:** JOSEPH DONAHUE

**Case ID #:** ▉▉▉▉▉▉▉



**Synopsis:** (U) To document return of property to Nicholas Martino

**Enclosure(s):** Enclosed are the following items:
1. (U) FD-597 and AUSA Letter

**Details:**

On July 7, 2023, the following evidence items were returned to Nicholas Martino at the FBI Offices at 600 Arch Street, Philadelphia, PA. Item 1B28 was not returned at that time as a more thorough search of the ECR was required, however since that date the item was located and will be returned at a later date.

**1B58, 1B69, 1B70, 1B71, 1B81.**

On August 16, 2023, the following evidence item was returned to Nicholas Martino at ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉:

UNCLASSIFIED//FOUO

**UNCLASSIFIED//FOUO**

Title:  (U) Property Return
Re:  ██████████, 08/30/2023

**1B28**

The evidence log shall reflect the permanent disposal of those items by return to MARTINO.  An FD-597 documenting the return is attached in a digital 1A along with an annotated letter from the United States Attorneys Office authorizing the return of those items.

♦♦