CLD-172                                                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1404
_____

NICHOLAS KYLE MARTINO,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-23-cv-16859)
District Judge: Honorable Noel L. Hillman (Ret.)
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 22, 2024

Before: KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed: August 28, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Nicholas Martino appeals from an order of the District Court denying a petition for injunctive relief and supporting motions, including a motion for replevin of seized property. Upon review, we will dismiss the appeal in part, and otherwise summarily affirm the District Court's judgment. See 3d Cir. I.O.P. 10.6 (providing that this Court may take summary action if the appeal fails to present a substantial question).

Martino is under criminal investigation by the United States Attorney's Office for the District of New Jersey. In connection with that investigation, the Federal Bureau of Investigation (FBI) executed six search warrants in August 2022,[1] seizing property from Martino, his residences, and his vehicles, including encrypted computers and storage media. Some of the seized property was returned to Martino in July 2023. In September 2023, he filed a petition in the District Court for the District of New Jersey seeking an order enjoining the Government from reviewing the remaining seized property until (1) it files a declaration indicating what "filter protocol," if any, it used or intends to use to review "privileged" materials, and (2) it identifies the Government agents/employees who have viewed any "privileged" materials. ECF 1 at 4-5. Martino also filed a motion for replevin, pursuant to Federal Rule of Criminal Procedure 41(g), which provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Martino sought return of all property

---

[1] The search warrants and supporting documents were sealed by the District Court. The criminal investigation is ongoing, and no criminal charges have been filed.

seized outside the scope of the warrants, or the ability to copy data from the seized devices.  See ECF No. 4.  The District Court denied the petition and motions for relief in a single order, and this appeal ensued.

We first address the scope of our jurisdiction, which is generally limited to final orders of the District Court.  See 28 U.S.C. § 1291.  Where, as here, the return of property is sought pre-indictment, an order denying a Rule 41(g) motion is final and appealable "if the motion is solely for return of property and is in no way tied to a criminal prosecution in esse against the movant."  DiBella v. United States, 369 U.S. 121, 131-32 (3d Cir. 1962).  A criminal prosecution is "in esse," i.e., existing, "[w]hen at the time of the ruling there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment."  Id. at 131.

We have recognized that a prosecution may be in esse for purposes of DiBella even if the appellant is not under arrest or indictment.  See In re Grand Jury, 635 F.3d 101, 104 (3d Cir. 2011).  In that case, we noted that the Rule 41(g) motion sought not just the return of property but the suppression of evidence.  Id.  We also emphasized that the Appellant was the subject of an ongoing grand jury investigation.  Under those circumstances, we concluded, it could not be said that the motion was not tied to a criminal prosecution."  Id. (noting that it is "enough under DiBella to require that . . . the appeal be dismissed" if the Rule 41(g) motion seeks the suppression of evidence).

Under the circumstances here, we have no trouble finding that Martino's Rule 41(g) motion is tied to his criminal prosecution.  First, his motion sought more than just

3

the return of property.  He argued that property was seized "outside the scope of the search warrants, therefore making those searches and seizures unlawful and afoul of the Fourth Amendment."  ECF No. 6-1 at 9; see also ECF No. 2 at 3-4.  He also maintained that "[t]he search of [his] person was unlawful," and that a "portion of the warrant is patently and unconstitutionally overbroad in violation of the Fourth Amendment."  ECF No. 6-1 at 4-5.  For relief, inter alia, he sought the "return of all property seized outside the scope of the warrants."  ECF No. 2 at 3.  To the extent that the motion challenged the basis for the seizure and sought the return of allegedly wrongfully seized property, it implicitly seeks to prevent the use of that property as evidence.  See United States v. Nocito, 64 F.4th 76, 82 (3d Cir. 2023) (noting that a court must assess "the essential character of the motion" in determining whether the Rule 41(g) motion "seeks more than the mere return of property"); see also In re Grand Jury, 635 F.3d at 104 (noting that a motion that seeks "to prevent the government from using the evidence in the proceedings" is a motion to suppress the evidence).

Second, although the nature of the criminal investigation is unclear because the warrants and supporting documents have been sealed, it is clear from the Government's responses that Martino is the target of a grand jury investigation.  See ECF No. 11 at 5 (arguing that the court should deny Martino's petition to unseal the search warrant documents because "[u]nfettered access to the search warrant documents w[ould] result in the disclosure of grand jury materials and testimony and expose the Government's investigative methods to the target of an investigation").  Indeed, the information in the

global affidavit supporting the search warrants was obtained from grand jury subpoenas and testimony. **ECF No. 11 at 2.** And the Government has indicated that the investigation is ongoing. **ECF Nos. 10 at 2; 11 at 1, 3.**

Finally, we agree with the District Court that Martino sought to gain "a strategic advantage" through his Rule 41(g) motion. Nocito, 64 F.4th at 81 (noting "[i]f a motion for the return of property is made independently of a criminal prosecution – in that it is not intended to gain some strategic advantage for a criminal defendant – the order denying relief is final"); see ECF No. 17 at 7 (finding that Martino's motion was "nothing more than an attempt, bordering on arrogance, to control and influence an ongoing criminal investigation or investigations that led to the seizure of the various items at issue"). In support of his motion, Martino emphasized that more than a year had passed since the property was seized, no charges had been filed, and "the Government should now have concluded that nothing it seized resulted in anything of much evidentiary value." ECF No. 6-1 at 12. Notably, in its response, the Government advised that the investigation was prolonged, in part, because some of the remaining property included encrypted electronic devices and storage media that it was trying to decrypt and access.[2] **See ECF No. 11 at 3.**

---

[2] Martino maintains that he offered to assist the Government in unlocking the encrypted devices "but only if a filter protocol was established for those devices." ECF No. 7 at 15.

In sum, the Rule 41(g) motion did not solely seek the return of property, and was clearly tied to the ongoing criminal investigation against Martino. Accordingly, to the extent the order denied that motion, it is a non-final order which we lack jurisdiction to review.

We have jurisdiction, however, to review the order to the extent it denied the petition for injunctive relief. See 28 U.S.C. § 1292(a)(1); see In re Search Warrant Issued June 13, 2019, 942 F.3d 159, 169 (4th Cir. 2019). We find no abuse of discretion. See Holland v. Rosen, 895 F.3d 272, 285 (3d Cir. 2018) (noting the standard of review).

To succeed on his request for a preliminary injunction, Martino had to demonstrate that (1) he was likely to succeed on the merits; (2) he was likely to suffer irreparable harm absent the requested relief; (3) the balance of equities weighed in his favor; and (4) a preliminary injunction was in the public interest. See Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014). Martino argued that some of the property retained by the Government was privileged; he sought to enjoin the Government from reviewing the remaining seized property until it established a filter protocol. He relied on the attorney-client privilege, the work-product doctrine, and the psychotherapist-patient privilege.[3] ECF No. 1-1 at 3.

Martino wholly failed to substantiate the first two privilege claims. See United States v. Fluitt, 99 F.4th 753, 763-64 (5th Cir. 2024) (noting the standards for

---

[3] The District Court held a hearing on Martino's motions and provided an opportunity for supplemental briefing on these issues.

establishing attorney-client and work-product privilege). He referred only generally to "multiple civil and criminal litigations" in which he appears to be proceeding pro se, and he failed to identify any specific legal material that might be subject to work-product privilege. ECF No. 7 at 2. And although Martino claimed that a smartphone seized by the Government contained text messages he exchanged with his psychotherapist, as well as audio recordings of some of their sessions, the District Court properly recognized that the patient-psychotherapy privilege is testimonial, not constitutional. See Jaffee v. Redmon, 518 U.S. 1, 9-10 (1996); United States v. Romo, 413 F.3d 1044, 1047 n.2 (9th Cir. 2005). Thus, a claim of privilege can be addressed if implicated at a future court proceeding. He therefore cannot demonstrate that he would be irreparably harmed absent a taint team. See United States v Squillacote, 221 F.3d 542, 560 (4th Cir. 2000) (holding that "suppression of evidence derived from the privileged conversations [between the defendant and her psychotherapist]" was not required "given that the privilege is a testimonial or evidentiary one, and not constitutionally-based"); cf. In re Search Warrant, 942 F.3d at 172-75 (finding the defendant would be irreparably harmed absent injunctive relief preventing a Filter Team's review of seized materials because of the role the attorney-client privilege plays in ensuring the Sixth Amendment right to effective assistance of counsel). Accordingly, there is no substantial question that the injunction motion was properly denied.[4]

---

[4] To the extent we have jurisdiction to review the denial of Martino's other motions, the appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.

Based on the foregoing, we will dismiss the appeal to the extent that it pertains to the denial of the Rule 41(g) motion, and in all other respects we will summarily affirm the District Court's judgment.